No. 511

First Circuit

BAUCUM v. HALE

(December 3, 1929.  Opinion and Decree.)

.B. R. Miller, of Baton Rouge, attorney for plaintiff, appellant.

F. J. Whitehead, of Port Allen, attorney for defendant, appellee.

ELLIOTT, J. The plaintiff, R. W. Baucum, got off a train at Addis, accompanied by a gentleman and young lady, and entered a conveyance belonging to J. W. Hale, defendant, which was being used for the purpose of transporting passengers and their hand baggage from Addis to Port Allen. After the three parties had engaged passage and taken seats in defendant's vehicle plaintiff's automobile arrived on the scene, upon which they left defendant's automobile and made the trip in the automobile belonging to the plaintiff. In making the change the parties arranged with defendant's agent to take their handbags in his automobile.

Plaintiff contends that he placed his handbag in charge of defendant's agent at Addis, and that his agent undertook to convey it to Port Allen where plaintiff was to receive it.

When defendant's automobile arrived at Port Allen plaintiff's handbag was not among the number brought by defendant, and it has never been found. Plaintiff alleges that defendant lost it, and claims of him its value and the value of its contents.

Defendant denies that plaintiff's handbag was delivered to his agent at Addis, and denies responsibility. There is some discussion in the brief and some evidence introduced concerning the compensation which defendant was to receive for transporting the handbags of the parties, but we think the only question worthy of consideration is, whether or not plaintiff delivered his handbag to defendant's agent at Addis to be conveyed to Port Allen.

The evidence on the subject is conflicting. The plaintiff and his two companions, of whose sincerity we are fully satisfied, say positively that plaintiff delivered his handbag to defendant's agent at Addis, and that his agent received it and agreed to transport it to Port Allen. They all say that four bags belonging to their party were delivered to defendant's agent at Addis.

Defendant's agent, with equal firmness and, we believe, with equal sincerity, denies it. He says that the gentleman accompanying the plaintiff delivered to him a handbag, and that plaintiff delivered him two bags, making in all three in number; that the three received were securely tied to his automobile and brought to and delivered at Port Allen. His further testimony is, that seven handbags were delivered to him at Addis to be conveyed to Port Allen, and that they were all safely transported to and delivered at Port Allen. If plaintiff's handbag had been delivered to defendant's agent at Addis, there would have been eight bags instead of seven.

The testimony of the plaintiff on the subject is, that he delivered his own handbag to defendant's agent, and one of those belonging to the young lady. And his gentleman companion testifies that he gave his own and one of the young lady's

handbags to defendant's driver, making four bags delivered to defendant's agent by their party at Addis.

The evidence shows that the train on which the plaintiff and his companions arrived at Addis reached there in the dark. A considerable number of students left the train at the same time, many of them having handbags, and there was some bustle and confusion in the darkness, in the effort for all to get transportation to Port Allen. There was some delay before the parties got started, and some of them no doubt, while waiting, put their handbags on seats or on the ground. In such a situation it was easy, in the darkness, for mistakes to be made in regard to handbags, if the bags once got out of their hands.

Defendant is strongly corroborated by witnesses who say, that they assisted in receiving and placing the seven handbags intrusted to defendant's agent on his vehicle, and that there were only seven bags received; that all were securely tied on the automobile with a rope, and that all reached Port Allen and were delivered in safety.

The trial court was not satisfied that the evidence, established responsibility on the part of the defendant, and rejected plaintiff's demand against him.

After considering the evidence on the subject we are unable to say that the lower court has erred in its judgment.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.